UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEITH MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01943-JPH-MKK |
| | ) | |
| BIOMAT USA, INC. AKA GRIFOLS[1] PLASMA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Keith McCoy brought this action alleging that Defendant Biomat USA, Inc. discriminated against him when it refused to allow him to donate plasma. Biomat has filed a motion to dismiss. Dkt. [8]. For the reasons below, that motion is **GRANTED**.

**I.
Facts and Background**

Because Defendant has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Biomat is part of a biotherapeutics and biotechnology company that collects plasma from donors at its donation centers. Dkt. 9 at 2. Mr. McCoy attempted to donate plasma at a Biomat donation center in July 2022. Dkt. 1 at 5. He was permanently deferred from donating plasma "simply because [he] had sex with a man before." *Id.*

---

[1] The Clerk is **directed** to update the spelling of Defendant to "Grifols" on the docket.

1

In December 2023, Mr. McCoy filed a complaint against Biomat based on his attempt to donate plasma at a Biomat donation center on July 22, 2022. *McCoy v. Biomat USA, Inc.*, No. 1:23-CV-02282-JMS-MKK, 2024 WL 3594627 (S.D. Ind. July 31, 2024). The Court dismissed that case for lack of subject-matter jurisdiction. *Id.*

Mr. McCoy's complaint in this case is also based on his attempt to donate plasma at a Biomat donation center on July 22, 2022. Dkt. 1. Mr. McCoy alleges that Biomat violated 42 U.S.C. § 2000a, Title II of the Civil Rights Act of 1964, when it "permanently deferred him from donating plasma because [he] had sex with a man before." *Id.* at 5. Biomat has filed a motion to dismiss for failure to state a claim. Dkt. 8.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021),

"but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

### III. Analysis

Title II of the Civil Rights Act of 1964 prohibits discrimination in public accommodation based on "race, color, religion, and national origin." 42 U.S.C § 2000a(a). Biomat argues that Mr. McCoy's complaint should be construed as a sex discrimination claim, which fails because sex discrimination is not protected under Title II. Dkt. 9 at 5; *see also Bostock v. Clayton Cnty., Georgia,* 590 U.S. 644, 660 (2020) (discrimination on the basis of sexual orientation is considered sex discrimination under Title VII). In response, Mr. McCoy reiterates that he has asserted a federal law claim because "the language is clear that McCoy can seek redress" under Title II. Dkt. 12 at 1.

Title II does not prohibit sex discrimination—it only covers discrimination based on race, color, religion, or national origin. 42

U.S.C. § 2000a; *see also Creative LLC v. Elenis*, 600 U.S. 570, 614 (2023) (Kagan, J., dissenting). Therefore, Mr. McCoy cannot state a claim for sex discrimination under Title II.[2]

Mr. McCoy cites Title II's jurisdictional provision, § 2000a-6, which includes the language "nothing in this subchapter shall preclude any individual or any State or local agency from asserting any right based on any other Federal or State law not inconsistent with this subchapter." *See* dkt. 12 at 1. But Section 2000a-6 "simply grants jurisdiction to district courts over Title II claims;" it does not create a cause of action or permit a plaintiff to bring a sex discrimination claim under Title II itself. *See Selden v. Airbnb, Inc.*, 4 F.4th 148, 158 (D.C. Cir. 2021); *see also Touche Ross & Co. v. Redington*, 442 U.S. 560, 577 (1979) (the Securities Exchange Act's jurisdictional provision "creates no cause of action of its own force and effect").

In further support of his claim, Mr. McCoy cites a policy issued by the Food and Drug Administration that eased restrictions on blood donations from gay and bisexual men, including requiring a three-month

---

[2] Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. McCoy has identified the theory he wishes to use—sex discrimination under Title II. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2020) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)). Thus, the court analyzes Mr. McCoy's claims only under the theory he has identified.

abstinence period prior to donation rather than one year.³ Dkt. 1 at 5; dkt. 12 at 2; *see* dkt. 1-1 at 6.  Mr. McCoy states that he did not have sexual contact with a man within the FDA abstinence period but was still permanently deferred because of his prior sexual contacts outside the three-month abstinence period.  Dkt. 1 at 5.  The FDA policy that he refers to, however, is a nonbinding guidance document.  Agency guidance documents generally do not establish enforceable rights, but instead only represent the agency's recommendations.  *See Kisor v. Wilkie,* 588 U.S. 558, 583 (2019) (holding that guidance documents do not impose legally-binding requirements on private parties).  Indeed, the guidance that Mr. McCoy references includes a disclaimer, "[i]t does not establish any rights for any person and is not binding on FDA or the public."  U.S Food & Drug Admin., *Recommendations for Evaluating Donor Eligibility Using Individual Risk-Based Questions to Reduce the Risk of Human Immunodeficiency Virus Transmission by Blood and Blood Products: Guidance for Industry* (2023).⁴  As such, the guidance does not provide a basis for a federal claim.

---

³ Although Mr. McCoy appears to suggest that Indiana law eased the restrictions on blood donations, dkt. 1 at 5, the articles he attached in his complaint discuss the federal FDA policy.  Dkt. 1-1.
⁴ The articles Mr. McCoy attached to his complaint reference April 2, 2020 guidance from the FDA.  Recommendations as to donor eligibility did not change between that guidance and the 2023 guidance.  *Recommendations* at 2.

5

In sum, Mr. McCoy has not stated a plausible claim under Title II and the FDA policy he cites does not provide a cause of action. His complaint is therefore **DISMISSED**.

## IV.
## Conclusion

Defendant's motion to dismiss, dkt. [8], is **GRANTED.** Mr. McCoy shall have **through August 22, 2025,** to file an amended complaint, if he believes it would not be futile. *See, e.g., Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 519 (7th Cir. 2015). Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). If Mr. McCoy does not file an amended complaint by that date, this action will be dismissed with prejudice. Further, if Mr. McCoy does file an amended complaint, Defendant will not be required to respond until after the Court screens the complaint and directs Defendant to do so. *See Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The **clerk is directed** to send a form complaint with Mr. McCoy's copy of the order.

**SO ORDERED.**

Date: 8/6/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEITH MCCOY
4001 E. 38th St.
Indianapolis, IN 46218

All electronically registered counsel