UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KEITH MCCOY,                            )
                                        )
              Plaintiff,                )
                                        )
          v.                            )    No. 1:24-cv-01943-JPH-MKK
                                        )
BIOMAT USA, INC. AKA GRIOFOLS           )
PLASMA,                                 )
                                        )
              Defendant.                )

**ORDER DENYING MOTIONS TO FOR LEAVE TO AMEND, SCREENING
COMPLAINT, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Keith McCoy filed this action against Defendant Biomat USA,

Inc. ("Biomat") after being turned away from a Biomat plasma donation center

due to his sexual history.  Mr. McCoy's original complaint was dismissed for

failure to state a claim, and he timely filed an amended complaint.  He then

filed three additional amended complaints and two motions for leave to file an

amended complaint.  The parties dispute which complaint is operative and

whether Mr. McCoy has stated a claim.  For the reasons below, the Court

denies Mr. McCoy's motions for leave to amend, dkts. [30], [31] and **dismisses**

**this action with prejudice.**

**I.
Background[1]**

Biomat is part of a biotherapeutics and biotechnology company that

collects plasma from donors at its donation centers.  Dkt. 25 at 2.  In July

---
[1] Though the parties dispute which complaint controls, the facts are identical across
all complaints.

1

2022, Mr. McCoy attempted to donate plasma at a Biomat donation center. Dkt. 23 at 5.  However, he was permanently deferred from donating plasma "because he had sex with a m[a]n before." *Id.*

Mr. McCoy filed this action against Biomat on November 5, 2024.  Dkt. 1. Biomat filed a motion to dismiss, dkt. 8, which the Court granted because neither Title II nor the FDA policy Mr. McCoy cited created a cause of action. Dkt. 21.  The Court gave Mr. McCoy until August 22, 2025, to file an amended complaint if he believed it would not be futile.  *Id.* at 6.  He filed an amended complaint on August 18, 2025, seeking monetary damages and prospective injunctive relief.  Dkt. 23.

On September 2, Biomat filed a motion to dismiss the amended complaint, arguing that Mr. McCoy's revised legal theory still failed to state a claim.  Dkts. 24, 25.

Over the following month, Mr. McCoy filed three more amended complaints and two motions for leave to file an amended complaint.  *See* dkts. 26, 28, 29, 30, 31.

### III.
### Legal Standard

"The court should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. at 178, 182 (1962) ("In the absence of any apparent or declared reason—such as . . . futility of amendment . . . —the leave should, as the rules require be 'freely given.'").  A motion to amend is futile, however, "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion

2

to dismiss." *Crestview Vill. Apartments v. U.S. Dep't of Hous. and Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). In that context, a court has authority to deny the motion. *See Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 868–69 (7th Cir. 2013).

The Court also has inherent authority to screen an amended complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). "[T]he well-pleaded facts in the complaint [are accepted] as true." *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

### III.
### Analysis

3

In total, Mr. McCoy has filed two motions for leave to amend and four

amended complaints.  Dkts. 23, 26, 28, 29, 30, 31.  Those filings, and their

accompanying legal theories, are briefly summarized below:

- **Motion for leave to file sixth amended complaint**, alleging violation of 21 C.F.R. 630 and 606 (Dkt. 31)
- **Motion for leave to file fifth amended complaint**, alleging violation of 21 C.F.R. 630 and 606 (Dkt. 30)
- **Fourth amended complaint,** alleging violation of 21 C.F.R. 630 and 606 (Dkt. 29)
- **Third amended complaint**, alleging violation of 21 C.F.R. 630 and 606 (Dkt. 28)
- **Second amended complaint**, alleging violation of Fifth Amendment (Dkt. 26)
- **First Amended complaint**, alleging violation of Fifth Amendment (Dkt. 23)[2]

Each filing must be denied or dismissed for the same reason—none state

a claim upon which relief may be granted.  *See Ashcroft*, 556 U.S. at 678.

### A. Motions for leave to amend based on 21 C.F.R. 630 and 606

Mr. McCoy's two motions for leave to amend[3] rely on the same legal

theory—that Biomat violated 21 C.F.R. 630 and 606.  Dkts. 30, 31.  These

regulations relate to blood donation and processing and implement the Food,

---

[2] Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Mr. McCoy has identified the theories he wishes to use—21 C.F.R. 630 and 606 and the Fifth Amendment. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory.  *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2020) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)). Thus, the Court analyzes Mr. McCoy's claims only under the theories he has identified.

[3] Mr. McCoy's motion for leave to file a sixth amended complaint, dkt. 31, was filed to correct an omission from his motion for leave to file fifth amended complaint, dkt. 30. *See* dkt. 33 at 3.

Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, and Public Health

Service Act ("PHSA"), 42 U.S.C. § 201 *et seq.*

Mr. McCoy argues that the regulations "are legally binding and are

enforced in the same way as statutes.  As a result the court should freely grant

McCoy motion."  Dkt. 33 at 2.  Biomat contends, however, that the motion

should be denied as "futile" because 21 C.F.R. 630 and 606 "do not provide

private causes of action."  Dkt. 32 at 6.

Mr. McCoy's motions to amend "fail[] to cure the deficiencies in the

original pleading" and "could not survive a second motion to dismiss," so leave

is denied as futile.  *See Crestview*, 383 F.3d at 558.  His original complaint was

dismissed because neither Title II nor FDA policy created a cause of action.

Dkt. 21 at 5–6.  Likewise, here, 21 C.F.R. 630 and 606 do not confer private

rights of action supporting his claim.  Mr. McCoy is correct that regulations

may have the force of law.  *See Chrysler Corp. v. Brown*, 441 U.S. 281, 295

(1979) ("It has been established in a variety of contexts that properly

promulgated, substantive agency regulations have the 'force and effect of

law.'").  However, that does not mean a private citizen is always permitted to

enforce a regulation by filing a lawsuit.  "Language in a regulation may invoke a

private right of action that Congress through statutory text created, but it may

not create a right that Congress has not."  *Alexander v. Sandoval*, 532 U.S.

275, 291 (2001).  In other words, the right to sue must come from the statute

that authorized the regulation.  Statutes that focus on the person regulated

rather than the person protected, and those that place enforcement authority

in agency personnel, suggest a lack of congressional intent to create a private

right of action. *Id.* at 288–91. In that situation, "a cause of action does not

exist and courts may not create one." *Id.* at 286–87.

   None of the statutory provisions authorizing 21 C.F.R. 630 and 606

create a private cause of action supporting Mr. McCoy's claim. First, the

Seventh Circuit has concluded that "[t]he FDCA does not create a private right

of action." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645

7th Cir. 2019). Second, the PHSA provisions authorizing 21 C.F.R. 630 and

606 are either completely unrelated to his claim, focus on the regulated entity,

or relegate enforcement authority elsewhere. *See* 42 U.S.C. § 216 (authorizing

regulations for administration of Public Health Service); 42 U.S.C. § 262

(allowing patent-related causes of action but otherwise relegating enforcement

of biological product provisions to Secretary of Health and Human Services and

FDA); 42 U.S.C. § 264 (relegating enforcement of communicable disease

regulations to Surgeon General); 42 U.S.C. § 263a (certification requirements

for laboratories). So, the deficiencies in Mr. McCoy's original complaint

remain—his identified legal theories do not provide a cause of action and, thus,

could not survive a second motion to dismiss. As such, his proposed

amendments, dkts. 30, 31, would be futile and are therefore **denied.**

   Mr. McCoy acknowledges that his third and fourth amended complaints

at dockets 28 at 29—relying on the same legal theory—were filed without

authority. Dkt. 30; *see* Fed. R. Civ. P. 15(a)(2). However, even if the Court

exercises its discretion to construe these filings as motions for leave to amend,

they are **denied** as futile for the same reasons as above.

### B. Amended complaints based on Fifth Amendment

Mr. McCoy's first and second amended complaints rely on a different

legal theory—that Biomat violated the Fifth Amendment Due Process Clause.

*See* dkts. 23, 26.

As a threshold matter, Mr. McCoy states that his second amended

complaint was likely proper because Biomat filed a motion to dismiss on

September 2, i.e., his amendment was within 21 days of that motion. Dkt. 30

at 3. That's incorrect. A plaintiff may amend their pleading once as a matter of

course either "(A) 21 days after serving it, or (B) if the pleading is one to which

a responsive pleading is required, 21 days after service of a responsive pleading

or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier."

Fed. R. Civ. P. 15(a)(1). Mr. McCoy is well beyond the timeframes in Rule

15(a)(1), as he both served his complaint and received Biomat's first motion to

dismiss roughly a year ago. Dkts. 5, 8. The 21-day clock to amend does not

start over each time a party files a motion to dismiss. *See Innovative Water

Consulting, LLC v. SA Hosp. Acquisition Grp., LLC*, No. 1:22-cv-00500-TWP-

MJD, 2023 WL 130531, at *3 (S.D. Ind. Jan. 9, 2023) (stating that the "one and

only twenty-one-day period" under Rule 15(a)(1) had expired). As such, the

Court construes his second amended complaint as a motion for leave to

amend.

Turning to the merits, the Fifth Amendment's due process protections apply to federal actors, and to state actors through the Fourteenth Amendment. *Cf. Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Mr. McCoy does not allege that Biomat is either. Biomat raised this issue in its response to Mr. McCoy's motion to amend, dkt. 32 at 4, but Mr. McCoy failed to address it. So, even assuming the truth of his complaint's factual allegations, Mr. McCoy's first and second amended complaints also fail to state a plausible claim against Biomat. Accordingly, his second amended complaint, construed as a motion for leave to amend, must be **denied** as futile. *See Crestview*, 383 F.3d at 558. And his first amended complaint must be **dismissed** for failure to state a claim. *See Ashcroft*, 556 U.S. at 678.

## VI.
## Conclusion

Mr. McCoy's motions for leave to file an amended complaint, dkts. [30], [31] and construed motions for leave to amend, dkts, 26, 28, 29, are **denied** as futile. His first amended complaint, dkt. 23, is likewise **dismissed with prejudice** for failure to state a claim. Defendant's motion to dismiss, dkt. [24], is **granted** insofar as this matter is now dismissed, and denied to the extent it seeks any other relief. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 11/24/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEITH MCCOY
4001 E. 38th St.
Indianapolis, IN 46218

All electronically registered counsel