UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEITH MCCOY, Plaintiff, | ) | |
| v. | ) | No. 1:24-cv-01943-JPH-MKK |
| BIOMAT USA, INC. AKA GRIOFOLS PLASMA, Defendant. | ) | |

**ORDER DENYING MOTIONS TO SET ASIDE JUDGMENT**

Plaintiff Keith McCoy filed this action in November 2024 against Defendant Biomat USA, Inc. after being turned away from a Biomat plasma donation center due to his sexual history. Dkt. 1. The Court dismissed his amended complaint for failure to state a claim and denied his motions to amend as futile, dkt. 34 at 8, and entered final judgment in November 2025, dkt. 35. After the entry of judgment, Mr. McCoy filed two motions for reconsideration and a motion to set aside the judgment, dkt. 36; dkt. 38; dkt. 40, which were denied, dkt. 37; dkt. 39; dkt. 41.

Mr. McCoy has now filed three additional post-judgment motions, seeking to set aside, alter, or amend the judgment under Federal Rule of Civil Procedure 59(e) or 60(b)(1). Dkt. 42; dkt. 43; dkt. 44. Because the motions were filed more than 28 days after the entry of judgment, they must be considered under Federal Rule of Civil Procedure 60. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Mr. McCoy argues that the judgment should be set aside because he made an "inadvertent legal mistake." Dkt. 42. Federal Rule of Civil Procedure 60(b)(1) permits a district court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." As the Court explained in its previous order denying Mr. McCoy's Rule 60 motion, any such motion "must be made within a reasonable time," and no later than "a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1); *see also Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004) ("Although [t]here is no hard and fast rule as to how much time is reasonable . . . we look at the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties."); *Ruby Tuesday, Inc. v. Thomas*, 37 F. App'x 821, 824 (7th Cir. 2002) (unpublished) ("A Rule 60(b)(1) motion filed within one year may nevertheless be untimely if not made within a *reasonable* time.").

Here, Mr. McCoy filed his Rule 60(b) motion nearly ten months after final judgment was entered in this case. He offers no reason for his delayed filing, so his motion was not filed "within a reasonable time" under Rule 60. *See Ingram*, 371 F.3d at 952. Even if that were not the case, Mr. McCoy's motion provides no basis for relief. He argues that he made a legal mistake, but "Rule 60(b) is not intended to correct mere legal blunders." *Blitch v. United States*, 39 F.4th 827, 834 (7th Cir. 2022).

Mr. McCoy's post-judgment motions are therefore **DENIED.** Dkt. [42]; dkt. [43]; dkt. [44]. Mr. McCoy has twice been warned that frivolous filings may lead to sanctions. Dkt. 39; dkt. 41. Any further motions under this case number may be summarily denied.

**SO ORDERED.**

Date: 11/6/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEITH MCCOY
4001 E. 38th St.
Indianapolis, IN 46218

All electronically registered counsel